# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

**Robert Thune,**

**Plaintiff,**

v.                                                                 **Case No. 06-2019-JWL**

**R. James Nicholson, Secretary,**
**Department of Veterans Affairs,**

**Defendant.**

## <u>MEMORANDUM & ORDER</u>

Plaintiff filed a pro se complaint against his former employer asserting age discrimination in violation of 29 U.S.C. § 621 et seq. and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e set seq.  Thereafter, the magistrate judge granted plaintiff's motion for appointment of counsel and plaintiff's counsel filed an amended complaint abandoning plaintiff's age discrimination claim and asserting only a claim of retaliation pursuant to Title VII.  Defendant now moves to dismiss the amended complaint (doc. 17) on the grounds that plaintiff failed to exhaust his administrative remedies in that he never filed an administrative charge asserting retaliation.  Rather, plaintiff's sole administrative charge asserts claims of sex and age discrimination.

In response, plaintiff concedes that the court lacks jurisdiction over his retaliation claim because plaintiff never raised that claim at the administrative level.  Plaintiff states that he intends to file a motion to amend his complaint to assert only claims of sex and age discrimination as those claims were raised at the administrative level.  To date, plaintiff has not

filed his motion to amend and has not submitted a proposed second amended complaint. In any event, defendant, in its reply to plaintiff's response to the motion to dismiss, asserts that permitting plaintiff to amend his complaint would be futile as the proposed claims would be subject to dismissal based on plaintiff's failure to comply with the forty-five day time limit set forth in 29 C.F.R. § 1614.105(a)(1), which provides that a federal employee must bring a complaint of discrimination to the attention of an EEO counselor within 45 days of the occurrence or conduct giving rise to the complaint. According to defendant, plaintiff did not contact an EEO counselor concerning his age or sex claims until long after the 45-day deadline.

The Tenth Circuit, however, has held that a federal employee's compliance with the forty-five day time limit set forth in § 1614.105(a)(1) is not a jurisdictional requirement for filing suit under Title VII. *Sizova v. Nat'l Inst. of Standards & Tech.*, 282 F.3d 1320, 1324-26 (10th Cir. 2002) (citing *Jones v. Runyon*, 91 F.3d 1398, 1399 n.1 (10th Cir. 1996)). Instead, the requirement is a condition precedent to filing suit that functions like a statute of limitations and is subject to waiver, estoppel, and equitable tolling. *See Million v. Frank*, 47 F.3d 385, 389 (10th Cir. 1995) (noting that compliance with filing requirements in Title VII are conditions precedent to filing suit) (citing *Gonzalez-Aller Balseyro v. GTE Lenkurt, Inc.*, 702 F.2d 857, 859 (10th Cir. 1983)); *see also Mosley v. Pena*, 100 F.3d 1515, 1518 (10th Cir. 1996) (noting that Title VII's requirement that a plaintiff file a complaint within ninety days of receipt of an EEOC notice of a final action is a condition precedent to suit). For pleading purposes, federal rules do not require plaintiff to plead with particularity facts that demonstrate compliance with these conditions precedent. Instead, "it is sufficient to aver generally that all conditions precedent

2

have been performed or have occurred." Fed. R. Civ. P. 9(c).

Because plaintiff has not yet submitted a proposed amended complaint, the court cannot evaluate the merits of defendant's futility arguments. For if plaintiff generally asserts in his proposed amended complaint that he has satisfied all conditions precedent to filing the action, that allegation will satisfy the pleading requirement of Rule 9(c) and would be sufficient to withstand a motion to dismiss. *See Schmitt v. Beverly Health and Rehabilitation Serv., Inc.*, 962 F. Supp. 1379, 1383 (D. Kan. 1997) (finding that a general allegation that the plaintiff has satisfied the conditions precedent to filing a Title VII claim is sufficient to withstand a motion to dismiss); *Jackson v. Seaboard Coast Line R. Co.*, 678 F.2d 992, 1010 (11th Cir. 1982) (explaining that plaintiff must only allege generally in his complaint that all conditions precedent to the institution of the lawsuit have been fulfilled); *Stearns v. Consolidated Mgmt., Inc.*, 747 F.2d 1105, 1111 (7th Cir. 1984) (explaining that where filing requirement is simply a condition precedent then the complaint was sufficient if it generally alleged that all conditions precedent had been fulfilled). The court, then, rejects defendant's futility argument.

The court also declines defendant's invitation to treat the motion as one for summary judgment as it would be premature to do so in light of the fact that no complaint has been filed asserting claims of sex and age discrimination. Thus, the motion to dismiss plaintiff's amended complaint (which asserts only a claim of retaliation–a claim that plaintiff concedes should be dismissed) is granted and the court will grant plaintiff leave to file a second amended complaint. Plaintiff is cautioned, however, that even if he is able to craft an amended complaint sufficient to survive a motion to dismiss, he may still risk violating Rule 11 of the Federal Rules of Civil

3

Procedure if he knows that his claims will not survive a motion for summary judgment.  If

plaintiff chooses to file an amended complaint, defendant, if appropriate, may then file a motion

for summary judgment on plaintiff's claims.


**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion to

dismiss plaintiff's amended complaint (doc. 17) is granted and plaintiff may file an amended

complaint on or before **Wednesday, November 22, 2006**.


**IT IS SO ORDERED.**


Dated this 25th day of October, 2006, at Kansas City, Kansas.


s/ John W. Lungstrum
John W. Lungstrum
United States District Judge

4