IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ROBERT THUNE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 06-2019-JWL |
| ) | |
| R. JAMES NICHOLSON, Secretary, ) | |
| Department of Veterans Affairs, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| _____) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on defendant's motion to dismiss plaintiff's whistleblower and First Amendment retaliation claims (Doc. # 28). For the reasons set forth below, the motion is granted.

### I. Background

Plaintiff filed a pro se complaint in this Court against defendant, his former employer, alleging age discrimination in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 *et seq.*, and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* After obtaining counsel, plaintiff filed an amended complaint abandoning the age discrimination claim and asserting only the Title VII retaliation claim.

Defendant moved to dismiss the amended complaint on the basis that plaintiff failed to exhaust his administrative remedies. In his response to the motion, plaintiff

stated that he had claims involving retaliation and discrimination based on gender and age, but that prior counsel "failed to preserve plaintiff's rights to making a claim based on the federal statute for whistle blowing, 5 U.S.C. § 2302;" accordingly, plaintiff conceded that "he [did] not contend that he satisfied the administrative prerequisites concerning whistle blowing and retaliatory discharge." Response to Defendants Motion to Dismiss (Doc. # 20) at 3. The Court granted the motion to dismiss the retaliation claim, noting plaintiff's concession and the fact that "plaintiff's sole administrative charge asserts claims of sex and age discrimination," although the Court granted plaintiff leave to file another amended complaint alleging claims of gender and age discrimination. *See* Memorandum & Order of Oct. 25, 2006 (Doc. # 22).

Subsequently, plaintiff filed a Second Amended Complaint containing three counts. In Count I, plaintiff alleges age discrimination in violation of the ADEA. In Count II, entitled "Retaliation and Reprisal", plaintiff alleges that defendant retaliated against him by terminating his employment "because he had blown the whistle on management and intended to exercise his first amendment rights to inform the public about the substandard treatment occurring to the patients at the VA and other illegal practices of the VA." Plaintiff did not identify any statutory basis for this claim in the complaint, but in its brief in opposition to the present motion, plaintiff characterizes this claim as one under the Whistleblower Protection Act (WPA), 5 U.S.C. § 2302. In Count III, entitled "Violation of the First Amendment", plaintiff alleges that he "believes that a violation of law or matter of public concern existed and that the whistle-blowing was

2

made in good faith . . . ." In his brief, plaintiff has characterized this claim as one for retaliation under the First Amendment.

In the present motion, defendant once again seeks dismissal of plaintiff's retaliation claims for failure to exhaust administrative remedies. Defendant also argues that plaintiff's First Amendment retaliation claim is in effect preempted by the regulatory scheme in place for employment claims against the federal government.[1]

**II.     Analysis**

A.     Exhaustion

Defendant asserts plaintiff's failure to exhaust as a basis for dismissal under Fed. R. Civ. P. 12(b)(1). In addressing that argument, the parties have submitted portions of the administrative record. In reviewing such a factual challenge under Rule 12(b)(1), the Court may look beyond the allegations in the complaint and has wide discretion to allow documentary evidence without converting the motion into one for summary judgment. *See Paper, Allied-Industrial, Chemical & Energy Workers Int'l Union v. Continental Carbon Co.*, 428 F.3d 1285, 1292 (10th Cir. 2005); *Stuart v. Colorado Interstate Gas Co.*, 271 F.3d 1221, 1225 (10th Cir. 2001). Plaintiff bears the burden of demonstrating that the Court has subject matter jurisdiction over his claims. *See Merida Delgado v. Gonzalez*, 428 F.3d 916, 919 (10th Cir. 2005).

---

[1]In the present motion (Doc. # 28), defendant also sought summary judgment on plaintiff's ADEA claim, although it has now withdrawn that motion. Thus, plaintiff's ADEA claim is not affected by this order and remains in the case.

Defendant argues that plaintiff should have asserted his retaliation claims before the Merit Systems Protection Board (MSPB), in accordance with the Civil Service Reform Act (CSRA).  Plaintiff does not dispute that he was required to exhaust administrative remedies before filing his claims in this Court.  He argues, however, that he was permitted to satisfy his exhaustion requirement by pursuing a claim before his agency's EEOC department, as he did in this case.

It appears that plaintiff is correct in his assertion that, because he has alleged both an act subject to review by the MSPB (his termination) and illegal discrimination (under the ADEA)—thereby making his case a "mixed case"—he could satisfy his exhaustion requirement by pursuing an EEOC claim and then filing suit in a district court.  *See Wells v. Shalala*, 228 F.3d 1137, 1142-43 (10th Cir. 2000) (in "mixed case", plaintiff has the option of litigating his WPA retaliation claim in the district court rather than appealing to the MSPB after final agency action on his claim; citing 5 U.S.C. § 7702(a)(2)(B)); *see also* 29 C.F.R. § 1614.302 ("A mixed case complaint is a complaint of employment discrimination filed with a federal agency based on . . . age . . . related to or stemming from an action that can be appealed to the [MSPB].").

The problem is that plaintiff has not shown that he actually raised the issue of retaliation before the EEOC.  In response to defendant's previous motion to dismiss, plaintiff conceded that he could not satisfy the exhaustion requirement for a whistleblower or retaliation claim (and his retaliation claim—albeit a claim under Title VII—was dismissed accordingly).  Now plaintiff appears to contend that his retaliation

4

claim was raised before the EEOC, as shown by an administrative judge's acknowledgment that his complaint "was a 'mixed case complaint' that involved allegations of discrimination and reprisal."

Plaintiff, however, has not quoted the administrative judge's language accurately. In the EEOC proceeding, defendant had moved that plaintiff's discrimination claim be forwarded for final agency decision, on the basis that the case was a "mixed case" under 29 C.F.R. § 1614.302 because it contained allegations of constructive discharge, which would be within the MSPB's purview. The EEOC judge granted the motion, and she stated the following in a cover letter:

> Enclosed is an Order granting the Agency's Motion to Forward Complaint to the Agency for a Final Agency Decision Without a Hearing. As grounds therefor, counsel for the Agency argues that the above-referenced case is a mixed case complaint and as such, requests that the undersigned return the case to the Agency for processing and/or appeal to the MSPB. I agree.
>
> Having been so advised, the above-referenced case is hereby remanded to your office for further processing in accordance with EEOC regulations regarding mixed cases, that is–matters relating to certain personnel actions which are appealable to the MSPB, *which also involve allegations of discrimination and/or reprisal*.

(Emphasis added.) Thus, the EEOC judge did not state that plaintiff's case involved allegations of reprisal; rather the judge noted that mixed cases are ones that involve both personnel actions subject to MSPB review and allegations of discrimination "and/or" reprisal.

The parties have not submitted the entire administrative record, but the portions

5

submitted do not contain any reference to an allegation by plaintiff of retaliation. As noted above, the fact that plaintiff's administrative claim was designated a "mixed case" does not necessarily mean that it involved a claim of retaliation. Plaintiff has not met his burden of demonstrating that he exhausted his administrative remedies with respect to his retaliation claims. Therefore, the Court lacks subject matter jurisdiction over those claims, as asserted in Counts II and III of plaintiff's Second Amended Complaint, and the claims are hereby dismissed.

### B.  Viability of First Amendment Claim

Defendant also asserts that plaintiff's First Amendment retaliation claim is foreclosed by the Supreme Court's decision in *Bush v. Lucas*, 462 U.S. 367 (1983). Plaintiff has not responded to this argument. The Court agrees that *Bush* and its progeny preclude a retaliation claim directly under the First Amendment by a federal employee. The Tenth Circuit has described the holding of *Bush* as follows:

> In *Bush*, the Supreme Court held that because a Federal employee's claim that his First Amendment rights were violated by his superiors arose "out of an employment relationship that is governed by comprehensive procedural and substantive provisions giving meaningful remedies against the United States, we conclude that it would be inappropriate for us to supplement that regulatory scheme with a new judicial remedy."

*Lombardi v. Small Bus. Admin.*, 889 F.2d 959, 961 (10th Cir. 1989) (quoting *Bush*, 462 U.S. at 368). Supreme Court cases following *Bush* have made clear that a *Bivens* constitutional claim is foreclosed even if no remedy at all has been provided by the CSRA. *See id.* (citing *United States v. Fausto*, 484 U.S. 439 (1988) and *Schweiker v.*

*Chilicky*, 487 U.S. 412 (1988)). Such a claim is precluded even if only injunctive relief is sought. *See id.* at 961-62. Accordingly, plaintiff's First Amendment retaliation claim, asserted in Count III of his Second Amended Complaint, is dismissed on this basis as well.[2]

IT IS THEREFORE ORDERED BY THE COURT THAT defendant's motion to dismiss plaintiff's whistleblower and First Amendment retaliation claims (Doc. # 28) is granted, and Counts II and III of plaintiff's Second Amended Complaint are hereby dismissed.

IT IS SO ORDERED.

Dated this 25th day of April, 2007, in Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge

---

[2] For this reason, the Court declines plaintiff's invitation to dismiss his First Amendment claim without prejudice.