IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ROBERT THUNE,                        )
                                     )
            Plaintiff,               )
                                     )
    v.                               )    Case No. 06-2019-JWL
                                     )
R. JAMES NICHOLSON, Secretary,       )
Department of Veterans Affairs,      )
                                     )
            Defendant.               )
                                     )
_____)

## MEMORANDUM AND ORDER

This action involves a claim by plaintiff Robert Thune against the Secretary of the federal Department of Veterans Affairs (VA), plaintiff's former employer, under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 633a.[1] The matter comes before the Court at this time on defendant's motion to dismiss or, alternatively, for summary judgment (Doc. # 42). Defendant argues that plaintiff's initial complaint to the VA's EEO Counselor was untimely. The Court concludes that the agency extended or tolled that deadline prior to investigation of plaintiff's claim. Accordingly, the motion is denied.

---

[1] The Court previously dismissed plaintiff's claim of retaliation under Title VII for failure to exhaust administrative remedies. *See* Memorandum & Order of Oct. 25, 2006 (Doc. # 22). After plaintiff amended his complaint, the Court dismissed plaintiff's new retaliation and whistleblower claims, again on exhaustion grounds, leaving only plaintiff's new age discrimination claim. *See* Memorandum & Order of Apr. 25, 2007 (Doc. # 40).

**I.     Summary Judgment Standard**

Defendant has relied on materials outside the face of the complaint in arguing that plaintiff did not meet applicable deadlines. Accordingly, the Court treats defendant's motion as one for summary judgment under Fed. R. Civ. P. 56. *See* Fed. R. Civ. P. 12(b).

Summary judgment is appropriate if the moving party demonstrates that there is "no genuine issue as to any material fact" and that it is "entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In applying this standard, the Court views the evidence and all reasonable inferences therefrom in the light most favorable to the nonmoving party. *Burke v. Utah Transit Auth. & Local 382*, 462 F.3d 1253, 1258 (10th Cir. 2006).

**II.    Analysis**

A federal employee asserting a claim under the ADEA may take either of two routes to district court. *See Stevens v. Department of the Treasury*, 500 U.S. 1, 5-6 (1991). The direct route allows a plaintiff to present the claim in the first instance to the court, as long as the plaintiff has given the EEOC notice of an intent to sue within 180 days after the alleged discrimination and then waited thirty days before filing suit. *See id.* at 6-7 (citing 29 U.S.C. § 633a(d)). The plaintiff may also follow an indirect route, whereby the plaintiff first invokes the EEOC's administrative process and then files a

court action if unsatisfied with administrative remedies. *See id.* at 5-6 (citing 29 U.S.C. § 633a(b), (c)).  If this latter route is chosen, the plaintiff must initiate contact with an agency EEO Counselor within 45 days of the alleged discrimination.  *See* 29 C.F.R. § 1614.105(a)(1).

Defendant argues that plaintiff's ADEA claim should be dismissed because plaintiff failed to meet the applicable deadline for either route to district court. Plaintiff's employment with the VA ended at the latest on February 14, 2003.  Plaintiff first met with an EEO Counselor on August 8, 2003.  There is no indication that plaintiff gave any notice of an intent to file a civil action at that time.  Plaintiff did not initiate the present lawsuit until January 19, 2006.

Plaintiff argues that his deadlines should be tolled because a paragraph setting forth rights upon termination (including a reference to the 45-day deadline) was crossed out in his exit letter from the VA.  According to the VA, after plaintiff wrote and signed a letter of resignation "for personal reasons" to avoid termination for performance reasons, his superior crossed out paragraphs in his exit letter relating specifically to termination.  Although plaintiff referred to his resignation and alleged constructive discharge in his administrative claim, he now states in a sworn declaration that he did not resign but was actually terminated.  Plaintiff argues that he was misled by the VA's striking of the EEO paragraph from the exit letter, and that the 45-day deadline should therefore be tolled.  Plaintiff further argues that the VA's Office of Resolution Management (ORM), in accepting plaintiff's claim for agency investigation, did in fact

toll the deadline.

The Court agrees that the VA's ORM did agree to extend or toll plaintiff's 45-day deadline, and defendant's motion is therefore denied. In light of this conclusion, the Court need not address whether the deadline should be equitably tolled by this Court or whether the VA was required to extend the deadline under the EEOC's regulations.[2]

The regulation containing the 45-day deadline provides as follows:

(a)  Aggrieved persons who believe they have been discriminated against on the basis of . . . age . . . must consult a Counselor prior to filing a complaint in order to try to informally resolve the matter.

> (1)  An aggrieved person must initiate contact with a Counselor within 45 days of the date of the matter alleged to be disriminatory or, in the case of personnel action, within 45 days of the effective date of such action.
>
> (2)  The agency or the Commission *shall* extend the 45-day time limit in paragraph (a)(1) of this section when the individual shows that he or she was not notified of the time limits and was not otherwise aware of them, that he or she did not know and reasonably should not have been known [sic] that the discriminatory matter or personnel action occurred, that despite due diligence he or she was prevented by circumstances beyond his or her control from contacting the counselor within the time limits, *or for other reasons considered sufficient by the agency or the Commission*.

29 C.F.R. § 1614.105(a) (emphases added). Section 1614.107 of the regulations further provides that, prior to a request for hearing, an agency *shall* dismiss an entire complaint

---

[2]The Court also need not address plaintiff's request (which was not supported by affidavit, *see* Fed. R. Civ. P. 56(f)) for additional discovery prior to resolution of the motion.

that fails to comply with the 45-day deadline "unless the agency extends the time limits in accordance with § 1614.604(c)." *Id.* § 1614.107(a)(2). Finally, section 1614.604(c) provides that the time limits in Part 1614 of the regulations are "subject to waiver, estoppel and equitable tolling." *Id.* § 1614.604(c).

By certified letter dated November 21, 2003, the VA's ORM notified plaintiff that his age discrimination claim was accepted for investigation by the agency, despite plaintiff's failure to contact an EEO Counselor within the 45-day time period. Defendant argues that the ORM did not actually conclude that plaintiff was actively deceived by the VA's action in crossing out portions of the termination letter, as required for common-law equitable tolling, but merely accepted plaintiff's claim because it contained *allegations* of such deception. The Court cannot agree with defendant's characterization of the ORM's notice, however.

In a discrete paragraph of its notice to plaintiff, the ORM addressed the issue of plaintiff's untimeliness with respect to the 45-day deadline. The ORM noted that under section 1614.107(a)(2) of the regulations, an agency is directed to dismiss an untimely complaint, unless the agency waives the time limit "if a complainant can show extenuating circumstances prevented compliance with it or that he/she was otherwise unaware of the time limit." The ORM then recounted plaintiff's position regarding the VA's striking of portions of his exit letter. The ORM concluded as follows:

> Therefore, it is our decision that the Complainant's untimeliness should be tolled. Specifically, current EEOC case law and regulations have held that when complaints filed involving allegations of agency EEO officials

5

> misleading individuals in regards to their EEO rights which results in untimeliness; the complaint can not be dismissed, but must be accepted for further processing by the agency. Therefore, the above claim is **accepted** for investigation and will be assigned to an EEO Investigator.

(Citation to EEOC administrative decision omitted.)  Thus, the ORM did not merely accept the claim for investigation, subject to a later decision on whether plaintiff's deadline should be extended or tolled.  Rather, an arm of the VA concluded that plaintiff's deadline should in fact be tolled under the circumstances of this case.  That proclamation by the ORM is further supported by its citation to the regulation requiring that the complaint be dismissed if the agency does not waive or toll or extend the deadline.

As set forth above, the applicable regulations, in setting forth the 45-day deadline for contact with an EEO Counselor, provide that an agency shall extend that deadline for any reason considered sufficient by the agency.  The regulations also provide for tolling and waiver of the deadline by the agency, as well as the summary dismissal of an untimely claim if no extension or tolling or waiver is granted by the agency.  In this case, the VA's ORM directly addressed the timeliness issue, and it decided not to dismiss plaintiff's complaint, but rather to exercise its authority to extend or toll plaintiff's deadline.  Defendant may have had a change of heart and now appears to argue that circumstances did not in fact justify his agency's prior decision.  The propriety of that

decision, however, is not before us.[3]

The 45-day deadline bars plaintiff's claim only if it was not tolled or extended by the agency. The agency did in fact toll or extend plaintiff's deadline here. Therefore, plaintiff's claim is not barred, and defendant's motion is denied.

IT IS THEREFORE ORDERED BY THE COURT THAT defendant's motion to dismiss or, alternatively, for summary judgment (Doc. # 42) is denied.

IT IS SO ORDERED.

Dated this _30th day of July, 2007, in Kansas City, Kansas.

/s/ John W. Lungstrum_____
John W. Lungstrum
United States District Judge

---

[3]The Court rejects defendant's argument that an agency's determination regarding tolling is subject to de novo review by the Court. In *Kontos v. United States Department of Labor*, 826 F.2d 573 (7th Cir. 1987), on which defendant relies, the plaintiff was granted de novo review of the agency's decision to *deny* tolling. *See id.* at 575 n.4. In this case, the VA's ORM *granted* the request for an extension and/or tolling. Because the regulations provide that the 45-deadline is subject to extension or tolling by the agency, which in fact occurred here, plaintiff's suit is not barred, and defendant is not entitled to de novo review of its own prior rejection of any untimeliness problem.

7