## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

ROBERT THUNE,

        Plaintiff,

v.                                                    CIVIL ACTION

R. JAMES NICHOLSON,                                   No. 06-2019-JWL-GLR
SECRETARY, DEPARTMENT
OF VETERANS AFFAIRS,
        Defendant.

## <u>ORDER</u>

This matter is before the Court on the Motion to Withdraw as Counsel (doc. 53) of Plaintiff's attorneys of record, Uzo L. Ohaebosim and Lawrence W. Williamson, Jr., of the law firm of Shores, Williamson and Ohaebosim, LLC.  In support of their motion, withdrawing counsel state that "counsel has informed the plaintiff of all upcoming deadlines in writing and there are no motions to be briefed before the court. There is a motion for summary judgment before the court that is ripe for review. Counsel has also admonished the plaintiff that plaintiff is responsible for complying with all orders of the court and that plaintiff must abide by all time limitations established by the court."[1]

Having reviewed the motion and Notice of Return of Service on Motion to Withdraw (doc. 59), the Court finds that withdrawing counsel have not provided adequate showing that they have notified Plaintiff of the specific dates of any pending trial, hearings, or conferences, including the dates set for the final pretrial conference and for trial, as required by D. Kan. Rule 83.5.5.

---

[1]Mot. to Withdraw as Counsel (doc. 53), ¶ 6.

**IT IS THEREFORE ORDERED** that Motion to Withdraw as Counsel (doc. 53) be held in abeyance, pending the filing of further proof of notice that withdrawing counsel have notified Plaintiff of the specific dates for all pending court hearings, conferences, and trial setting.  If withdrawing counsel have included those dates in the notice already sent to Plaintiff, they need only file a supplemental memorandum with the Court to confirm the fact.

Dated in Kansas City, Kansas, this 22nd day of August, 2007.


s/Gerald L. Rushfelt
Gerald L. Rushfelt
United States Magistrate Judge