IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ROBERT THUNE,                              )
                                           )
          Plaintiff,                     )
                                           )
v.                                         )     Case No. 06-2019-JWL
                                           )
R. JAMES NICHOLSON, Secretary,             )
Department of Veterans Affairs,            )
                                           )
          Defendant.                     )
                                           )
_____)

## MEMORANDUM AND ORDER AND
## ORDER TO SHOW CAUSE

In this action, plaintiff Robert Thune has brought a claim against the Secretary of the federal Department of Veterans Affairs, plaintiff's former employer, under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 633a. Presently pending are defendant's two motions to dismiss the case for lack of prosecution, pursuant to D. Kan. Rule 41.1 (Doc. ## 70, 78); the Court's show cause order (Doc. #73); and plaintiff's motion for an extension of time to respond to the show cause order (Doc. # 75).

Procedural History

Plaintiff is proceeding pro se, his attorney having been granted leave to withdraw on September 6, 2007 (Doc. # 65). Plaintiff presently resides in Hawaii.

On September 28, 2007, defendant moved for an extension of existing deadlines or, in the alternative, for dismissal for lack of prosecution, based on plaintiff's failure to

respond to written discovery requests (Doc. # 68). Defendant requested in his motion that the telephone pretrial conference scheduled for October 18, 2007, be converted to a status conference.

On October 15, 2007, defendant filed a motion to dismiss for lack of prosecution pursuant to D. Kan. Rule 41.1 (Doc. # 70), on the basis that plaintiff had failed to cooperate with and respond to defense counsel concerning preparation of the parties' proposed pretrial order.

On October 18, 2007, Magistrate Judge Rushfelt conducted a telephone status conference with plaintiff and defendant's counsel. Magistrate Judge Rushfelt's rulings at that conference were memorialized in a written order (Doc. # 73). Magistrate Judge Rushfelt granted in part defendant's motion for extension (Doc. # 68), and ordered as follows: the pretrial conference would take place by telephone on November 15, 2007; the parties were to submit their proposed pretrial order by November 8, 2007, and plaintiff was to provide his portion of that submission to defense counsel prior to that date; discovery was to be completed by November 15, 2007; and trial was set for April 1, 2008. Magistrate Judge Rushfelt further ordered each party to show cause by written pleading, filed by October 31, 2007, "why sanctions should not be imposed against either or both of the parties for failure to submit a complete and adequate Pretrial Order."

On October 31, 2007, defendant responded to Magistrate Judge Rushfelt's show cause order (Doc. # 73). Defendant's response included telephone records and copies of e-mails to support counsel's assertion that she requested plaintiff's input into the

pretrial order, to no avail. Defendant asserted that plaintiff falsely represented to Magistrate Judge Rushfelt at the status conference that defense counsel had failed to contact plaintiff. Defendant requested that the Court sanction plaintiff by dismissing the case or by awarding defendant his attorney fees.

On October 31, 2007, plaintiff moved for an extension of time, until November 7, 2007, to respond to the show cause order (Doc. # 75), on the basis that he needed to prepare to meet other court deadlines. On November 1, 2007, defendant opposed the requested extension, on the bases that plaintiff failed to consult with defense counsel pursuant to D. Kan. Rule 6.1 and failed to show good cause. Defendant noted that plaintiff's deposition was not scheduled until November 14, 2007.

On November 8, 2007, defendant filed his second motion to dismiss for lack of prosecution, pursuant to D. Kan. Rule 41.1 (Doc. # 78). In the motion, defendant noted that the parties' pretrial order submission was due on November 8, 2007. Defendant asserted that plaintiff had not responded to defense counsel's repeated e-mail requests for his portion of the pretrial order, in violation of Magistrate Judge Rushfelt's order, and that defendant was therefore forced again to submit a proposed pretrial order without plaintiff's input. Defendant seeks dismissal of the action and an award of attorney fees against plaintiff.

Discussion

Plaintiff has not responded to the show cause order issued by Magistrate Judge Rushfelt. Plaintiff moved for an extension until November 7 to respond, but no response was filed by that date either. Nor did plaintiff file any response to defendant's first motion to dismiss for lack of prosecution by the deadline of November 7, 2007. *See* D. Kan. Rule 6.1 (providing 23 days for a response to a motion to dismiss).

The Court notes that plaintiff's motion for extension (Doc. #75) was not ruled prior to the requested extended deadline of November 7, 2007, and that plaintiff may have held off filing his response until that motion was ruled. Accordingly, the Court **grants** plaintiff's motion for extension, and plaintiff is granted until **Wednesday, November 14, 2007**, to file his response. In addition, plaintiff shall supply a copy of that response to defendant's counsel prior to any deposition of plaintiff taken that day.

Defendant's motions to dismiss have been made pursuant to D. Kan. Rule 41.1, which provides as follows:

> The court may at any time issue an order to show cause why a case should not be dismissed for lack of prosecution, and if good cause is not shown within the time prescribed by the show cause order, the court may enter an order of dismissal which shall be with prejudice unless the court otherwise specifies.

*Id.* Accordingly, the Court, at this time, **orders plaintiff to show cause, by written pleading filed on or before the pretrial conference set for 2:15 p.m CST on November 15, 2007, why this case should not be dismissed for lack of prosecution, as set forth in defendant's motions to dismiss.** In that pleading, plaintiff should also

4

respond to defendant's request for attorney fees and any other issue raised in defendant's motions to dismiss. In the absence of a timely response by plaintiff to this order to show cause, the Court will summarily dismiss this action with prejudice.

IT IS THEREFORE ORDERED BY THE COURT THAT plaintiff's motion for an extension of time to respond to the Court's prior show cause order (Doc. # 75) is **granted**. Plaintiff shall file his written response to that order by November 14, 2007, and plaintiff shall supply a copy of that response to defendant's counsel prior to any deposition of plaintiff taken that day

IT IS FURTHER ORDERED BY THE COURT THAT defendant's motions to dismiss for lack of prosecution (Doc. ## 70, 78) are retained under advisement. Plaintiff is ordered to respond to defendant's motions and to show cause, by written pleading filed on or before the pretrial conference set for 2:15 p.m CST on November 15, 2007, why this case should not be dismissed for lack of prosecution, as set forth in defendant's motions to dismiss.

IT IS SO ORDERED.[1]

Dated this 9th day of November, 2007, in Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge

---

[1] In addition to the normal service of this order upon plaintiff by certified mail, the Court shall send a copy of this order to plaintiff by e-mail, using the e-mail address supplied by plaintiff to defendant's counsel (Owls66@aol.com).

5